(21 Misc. Rep. 82.)

SMADBACK et al. v. WOLFFE.

(Supreme Court, Appellate Term. July 29, 1897.)

CAVEAT EMPTOR—DEFECTS IN PROPERTY.
  Defendant rented a bicycle from plaintiffs for five months at $10 a month, payable in advance, the bicycle to become his property on payment of the rent for five months, defendant agreeing to keep the wheel in good order. Defendant was an expert wheelman, and well acquainted with the wheel before renting it. He paid in all $28, and at the end of the five months still retained the wheel. Plaintiffs sued for the balance due of $22, and defendant set up defects in the wheel as a defense, and also a counterclaim for $28 paid. Held that, whether the transaction was regarded as a conditional sale or a lease, the doctrine of caveat emptor controlled, no warranty having been given or representation made by plaintiffs.

Appeal from Seventh district court.

Action by Louis Smadback and others against William F. Wolffe to recover balance due on goods sold. From judgment for defendant, plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. L. Kalish, for appellants.
E. A. Sumner, for respondent.

McADAM, J. On June 2, 1896, the defendant signed an agreement reciting that he had hired and received from the Columbia Trading Concern (the name under which the plaintiffs did business) one Chieftain bicycle, No. 528, with the appurtenances, "all in good order," of the value of $50, which he agreed to use with care, and "keep in good order"; for which use he agreed to then pay $10 rent for the first month, and thereafter for the period of four months rent at the rate of $10 a month in advance, the bicycle to become the defendant's property on full payment of the rent at the time specified. The defendant paid $28 on the rent in three installments, the last payment being made as late as October 8, 1896, after the defendant

had complained of certain defects in the machine. The action was to recover $22, the balance due. The defense was general denial and counterclaim of $28, but the nature or particulars of the counterclaim were not given. It appeared on the trial that the defendant had been in the bicycle business for three years, and was an expert wheelman, with a thorough knowledge of bicycles; that he had possession of this particular machine for four months prior to the leasing thereof to him, and presumably knew more about its condition at the time than the plaintiffs. No representations were made by the plaintiffs respecting the condition of the bicycle, no warranty was given, and there is neither allegation nor proof of any fraud or deception on the part of the plaintiffs. The property remained in the defendant's possession during the entire term of the lease, and up to and at the time of the trial, which took place January 17, 1897. The plaintiffs apparently established a good cause of action for the balance of rent due; yet the justice found in favor of the defendant, and awarded him a judgment against the plaintiffs for $20, the wheel to be returned to the plaintiffs. We know of no legal principle upon which this recovery can be sustained. It seems that the defendant had made a profit of about $8 by letting out the wheel, and the justice evidently awarded the defendant the amount of his counterclaim, less this $8, as upon rescission of the contract, holding that the plaintiffs were entitled to nothing for the use of the wheel. There was no rescission of the contract. Nor was there anything in the contract or the proofs which authorized a rescission. The bicycle was not delivered on trial or approval, or even with warranty; and, as there was no fraud, there was nothing which authorized a return of the chattel. Voorhees v. Earl, 2 Hill, 288; Cary v. Gruman, 4 Hill, 625. The defendant testified to an offer to return the machine to Mr. Cohen, the plaintiff's collector; but there is no proof that Cohen had any authority to accept such an offer for the plaintiffs. In any event, he refused to accept the return, and that is all that was ever done in that direction. Whether the agreement is to be regarded as a lease or a conditional sale of the bicycle, the doctrine of caveat emptor controlled (Broom, Leg. Max. 746, 747), and there appears no legal reason why the plaintiffs should not have recovered the unpaid rent or purchase money. The fact that the bicycle got out of condition furnished no defense. The burden of keeping it in repair was cast upon the defendant by the express terms of the contract, and he was bound to keep it in order.

The judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.